IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DERRICK MICHAEL STANDBERRY,      :

    Petitioner,                  :

vs.                              :   CIVIL ACTION 04-0323-BH-B

RALPH HOOKS,                     :

    Respondent.                  :

## ORDER

Derrick Standberry, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent has filed an answer in response to the petition (Doc. 10), along with exhibits 1 through 11 (Doc. 11). In its Answer, Respondent argues that Petitioner's habeas corpus petition should be dismissed, pursuant to 28 U.S.C. § 2244(d)(1), because it is barred by the one-year statute of limitations.

On November 4, 1999, Petitioner was found guilty, after a trial by jury, of trafficking in cocaine (Doc. 11, Exhibit A-1). On January 27 2000, Petitioner was sentenced to life imprisonment without parole, and on the same date, he gave his notice of appeal (Doc. 17, pg. 6). On March 9, 2000, Petitioner

1

was re-sentenced to life imprisonment.  <u>Id</u>.

Petitioner timely appealed to the Court of Criminal Appeals, which remanded the case to the trial court with instructions to assess  applicable fines (Doc. 11, exh. 1; Doc. 17, pg. 7). Once monetary penalties were imposed by the trial court, Petitioner's appeal was returned to the Court of Criminal Appeals, which affirmed Petitioner's conviction and  sentence on March 31, 2001 (Doc. 11, exh. 2).  Petitioner's application for rehearing was overruled by the appeals court on April 30, 2001 (Doc. 17, pg. 8).  Petitioner filed with the Supreme Court of Alabama a petition for writ of certiorari.  On August 31, 2001, the writ was denied and the Certificate Of Judgment was issued. (Doc. 11, exh. 3).

Petitioner filed a petition for federal habeas corpus relief with this Court on July 9, 2002 (Doc. 11, exh. 5; CV-02-0509-CG-M, Doc. 1).  Thereafter, Petitioner filed a motion for voluntary dismissal, and the case was dismissed without prejudice on October 3, 2002 by order of the Court (Doc. 11, exh. 6; CV-02-0509-CG-M, Docs. 7, 10 & 11).

Petitioner filed a Rule 32 petition in the Circuit Court of Mobile County on August 5, 2002 (Doc. 11, exh. 9).  The Rule 32 petition was summarily dismissed by the trial court (Id.). After an appeal of the dismissal, the Alabama Court of Criminal

2

Appeals affirmed the lower court's ruling (Doc. 11, exh. 8).
Petitioner's application for rehearing was overruled on July 18,
2003 and the certificate of judgment was issued by the criminal
appeals court on August 5, 2003 (Doc. 10; Doc. 11, exh. 11).

On May 17, 2004, Petitioner filed the instant petition for
habeas corpus relief (Doc. 1.) Based upon the procedural history
referenced above, it appears that Petitioner's habeas corpus
petition is time-barred. Pursuant to 28 U.S.C. § 2244 (d)(1), as
amended by the April 24, 1996 enactment of The Anti-Terrorism and
Effective Death Penalty Act of 1996, § 101 (Supp. II 1997)
("AEDPA"), a state prisoner seeking a federal habeas corpus
remedy must file his federal petition within one year of the
"conclusion of direct review or the expiration of the time for
seeking such review".   The Act provides that

(d)(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in custody
pursuant to the judgement of a State court.  The limitations
period shall run from the latest of–

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

In this case, Petitioner's sentence for drug trafficking became final on August 31, 2001, the day on which the Supreme Court of Alabama issued the certificate of judgment, thereby triggering the commencement of the AEDPA's statute of limitations.  The filing of Petitioner's first Rule 32 petition, on August 5, 2002, tolled the limitations period as it was timely filed and twenty-six days remained in the AEDPA's limitations period when the petition was filed.  As noted supra, the limitations period may be tolled if Petitioner timely files an application for state post-conviction or  other collateral review.  Thus, the AEDPA's limitations period was tolled from August 5, 2002 until the Alabama Court of Criminal Appeal's certificate of judgment dismissing his Rule 32 petition was entered on August 5, 2003.  With this dismissal, the clock started again, and Petitioner had twenty-six days remaining to file his federal habeas petition absent some other tolling event. Notwithstanding the September 1, 2003 deadline, Petitioner did not file the current habeas petition until April 16, 2004, over

4

eight months after the limitations deadline.  The fact that Petitioner previously filed a federal habeas petition on July 9, 2002 is of no consequence because the AEDPA's limitations period is not tolled by the filing of a federal habeas petition. ("By tolling the limitations period for the pursuit of state remedies and not during the pendency of applications for federal review, 28 U.S.C. § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts.... [W]e are convinced § 2244(d)(2) does not toll the limitations period during the pendency of a federal habeas petition." Duncan v. Walker, 553 U.S. 167, 180-81, 121 S.Ct 2120, 150 L.Ed. 2d 251 (2001)).

Petitioner did not file the instant petition until May 17, 2004, more than eight months after the federal statute of limitations had expired.  Thus, it appears that Petitioner's federal habeas petition (Doc. 1) is barred by the federal statute of limitations (See Docs. 10, 11, 17 and Exhibits).  However, the Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

5

Steed v. Head, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3ʳᵈ Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11ᵗʰ Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11ᵗʰ Cir. 2002).

Therefore, upon consideration of the foregoing, Petitioner is **ORDERED** to respond on or before **July 11, 2005** to Respondent's answer and to show cause, (i.e., extraordinary circumstances), why this case should not be dismissed for failure to comply with the statute of limitations requirement as set forth in 28 U.S.C.

§ 2244(d)(1).

**DONE** this the **20th day of June, 2005.**

S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**