```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


DERRICK MICHAEL STANDBERRY,    :

     Petitioner,               :

vs.                            :    CIVIL ACTION 04-00323-BH-B

RALPH HOOKS,                   :

     Respondent.               :
```

## REPORT AND RECOMMENDATION

This is an action filed pursuant to 28 U.S.C. § 2254 by an Alabama inmate proceeding pro se. This action, which has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, is now ready for consideration. The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dept. Of Corrections, 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that Petitioner's habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Ralph Hooks and against Petitioner Derrick Michael Standberry on all claims.

I.   **Procedural History**

Petitioner was convicted of cocaine trafficking on November 4, 1999, in the Circuit Court of Mobile County. (Doc. 17, p. 6).

Petitioner was subsequently sentenced to a term of life imprisonment in the Alabama state penitentiary.[1] (Doc. 17, p. 7). On direct appeal, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction.[2]  Petitioner then moved for rehearing in the Alabama Court of Criminal Appeals, and for *certiorari* in the Supreme Court of Alabama.  Both motions were denied, and on August 31, 2001, the Alabama Supreme Court entered a certificate of judgment. (Doc. 17, p. 10).

On August 5, 2002, Petitioner filed a Rule 32 petition in the Mobile County Circuit Court.  The circuit court dismissed the petition, and the Alabama Court of Criminal Appeals affirmed, after finding the claims contained in the petition to be meritless.[3] (Doc. 11-4, p. 4).  Petitioner then filed an application for rehearing, which was denied on July 18, 2003. (Doc. 11-5, p. 2). On August 5, 2003, the Alabama Court of Criminal Appeals issued a

---

[1] The Mobile County Circuit Court initially imposed upon Petitioner a sentence of life without parole and a $50,000 fine. (Doc. 17, p. 7).  Upon a hearing on Petitioner's motion for a new trial, however, the circuit court set aside Petitioner's original sentence, and re-sentenced him to life in prison and imposed a $25,000 fine. (Doc. 17, p. 8).

[2] The Alabama Court of Criminal Appeals did, however, remand Petitioner's case to the Mobile County Circuit Court for imposition of fines applicable to Petitioner.  On March 23, 2001, upon subsequent review of the case, the court of appeals affirmed Petitioner's sentence.

[3] Petitioner's Rule 32 petition contained seven claims of ineffective assistance of counsel, and a claim that the circuit court lacked jurisdiction to enter the conviction or impose a sentence because the indictment was void.

certificate of judgment. (Doc. 11-5, p. 3).

Petitioner filed the instant petition for habeas relief on April 16, 2004 (Doc. 1).[4] In the petition, Petitioner raises the following claims: 1) The evidence presented at trial was insufficient to support a finding that Petitioner constructively possessed twenty-eight (28) grams of cocaine; 2) the trial court erred in denying Petitioner's motion for new trial on the ground that a witness committed perjury; 3)the trial court erred in denying Petitioner a new trial on the ground that he was denied effective assistance of counsel; and 4) Petitioner was denied effective assistance of trial counsel and appellate counsel.

Respondent has answered the petition, and argues that the petition should be dismissed as untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), which amends 28 U.S.C. § 2244.[5] (Doc. 10, p.

---

[4]The signature line of Petitioner's habeas petition is dated April 16, 2004.  By application of the prisoner mailbox rule, and because the record does not contain a copy of the postmarked envelope utilized to mail the petition, the signature date of the petition constitutes the earliest date on which Petitioner's motion could be considered filed. See Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999).

[5]The relevant provision states:

A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review. 28 U.S.C. § 2244 (d)(1)(a).

3

10).

## II. Analysis

Although Petitioner was convicted on November 4, 1999, his conviction did not become final until November 30, 2001, when the ninety-day period in which he could seek *certiorari* from the United States Supreme Court expired. Wade v. Battle, 379 F.3d 1254 (11th Cir. 2004).  Petitioner's filing of his Rule 32 petition in the Mobile County Circuit Court on August 5, 2002 tolled the limitations period. See 28 U.S.C. § 2244(d)(2)(the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection).  By the time Petitioner filed his Rule 32 petition on August 5, 2002, and tolled the limitations period, 248 days of the one year limitations period had already elapsed.

Petitioner's Rule 32 petition was denied by the Alabama Court of Criminal Appeals on June 13, 2003.  After denying Petitioner's final application for rehearing, the Alabama Court of Criminal Appeals issued a certificate of judgment on August 5, 2003, and the limitations period resumed running the next day.  At this point, there were 117 days remaining within the limitations period.  Thus, in the absence of another tolling event, Petitioner was required to file his habeas petition by December 1, 2003, in order for it to be

timely.  As noted *supra* however, Petitioner did not file his habeas petition until May 17, 2004, which was after the expiration of the one-year limitations period and in violation of 28 U.S.C. § 2444(d).

Given his untimely filing, Plaintiff must demonstrate that the AEDPA statute of limitations should be equitably tolled. *See* Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005).  Case law directs that the limitations period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *See also* Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002).  A petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1815, 161 L.Ed.2d 669 (2005); Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir. 1993). Equitable tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir.2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286; see Helton v. Secretary for

the Dept. of Corrections, 259 F.3d 1310, 1313-14 (11th Cir.2001).

In this case, Petitioner alleges that untimeliness should be excused because while confined to a single cell segregation unit, prison officials denied him access to his personal legal materials (including trial transcripts, a copy of his Rule 32 petition, and appellate court opinions) despite his repeated requests. (Doc. 13). According to Petitioner, he was placed in the segregation unit of St. Clair Correctional facility on July 11, 2003, and on July 15, 2003, he submitted a written request to segregation unit officials for his personal legal materials and postage. (Doc. 13, p. 20).  On January 20, 2004, Officer Gladden, an official in the segregation unit property room, returned Petitioner's written request with a "denied" notation on it.  Petitioner contends that because he was denied access to his legal materials during the course of his confinement in segregation, he was unable to file either a petition for certiorari before the Alabama Supreme Court, or timely file his federal habeas petition.

A determination as to whether rare and exceptional circumstances are presented requires an examination of the facts in each case. Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (per curiam).  The focus of the inquiry regarding "extraordinary circumstances" is "on the circumstances surrounding the late filing of the habeas petition" and on whether the conduct of others prevented the petitioner from timely filing, see Lawrence, 421 F.3d

at 1226, as opposed to the circumstances of the underlying conviction, Helton v. Secretary for the Dep't. of Corr., 259 F.3d 1310, 1314-15 (11th Cir.2001) (per curiam).

While Petitioner contends that he was denied access to his legal materials, and thus prevented from timely filing his petition, the law is well settled that a petitioner is not required to submit state court records when filing a federal habeas petition. Pliler v. Ford, 542 U.S. 225, 232, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004). The unavailability of documents, the contents of which a petitioner has at least constructive knowledge, does not affect the petitioner's ability to file a federal habeas petition. McCleskey v. Zant, 499 U.S. 467, 500, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See* Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002)(habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992)(prisoner not entitled to transcript before filing § 2254 petition)." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002), cert. denied 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003).

In this instance, nothing in the record indicates that Petitioner was excluded from any aspect of the legal proceedings culminating in his conviction. Petitioner, therefore, necessarily had either actual or constructive knowledge of the factual basis for each of the claims presented to this Court in the instant habeas petition, and could have presented such claims in a timely filed § 2254 petition even without access to the documents contained in his personal legal materials. McClesky v. Zant, 499 U.S. 467, 500, 111 S.Ct. 1454 (1991) (unavailability of document, the contents of which petitioner had at least constructive knowledge, did not prevent petitioner from raising claim in his habeas petition).

It is also clear from the record that nothing prevented Petitioner from timely filing his habeas petition and then clarifying the petition once he returned to the general prison population. See Robinson v. Johnson, 313 F.3d 128, 143 (3rd Cir. 2002)(In denying petitioner equitable tolling based on the deprivation of legal materials, the Court noted that petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials."); Jones v. Morton, 195 F.3d 153, 159 (3rd Cir. 1999)(citations omitted)(Equitable tolling is appropriate only "when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights." '). Drew, 297 F.3d at 1290; Robinson, 313 F.3d at 142-143 (petitioner's claim of

deprivation of legal materials did not warrant equitable tolling); Lloyd, 296 F.3d at 634 ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); Donovan, 276 F.3d at 93 (delay in obtaining state court record not a basis for equitable tolling of one-year limitation period); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (delay in receipt of state court records does not warrant equitable tolling).

It is also noteworthy that long before Petitioner was ever placed in segregated confinement, he had already permitted 248 days of the limitations period to elapse before filing his Rule 32 petition. Thus, by the time Petitioner was placed in segregated confinement in July 2003, over two-thirds of the limitations period had already elapsed. Moreover, the record reflects that Petitioner was released from segregation on August 24, 2003 and remained in the general population until November 13, 2003, when he was returned to segregated confinement[6]. By August 24, 2003, Petitioner's Rule 32 petition had been denied and the Alabama Court

---

[6]Petitioner was returned to singe-cell segregation on November 13, 2003, and remained there until February 25, 2004.

9

of Criminal Appeals had issued a certificate of judgment thereby causing the limitations period to resume; however, Petitioner took no steps to file the habeas petition while in the general population during the August 24 to November 13 time period.  Such facts clearly foreclose a finding that Petitioner exercised due diligence in seeking to file his habeas petition.  In light of the foregoing, the undersigned concludes that Petitioner has failed to establish the existence of extraordinary circumstances both beyond his control and unavoidable with due diligence, which prevented his filing of a timely habeas petition.  <u>Sandvik</u>, 177 F.3d at 1271; <u>Drew</u>, 297 F.3d at 1290; <u>Steed</u>, 219 F.3d at 300.  Petitioner is therefore not entitled to equitable tolling of the limitations period.

**III.    Conclusion**

Accordingly, the undersigned Magistrate Judge recommends that the petition for habeas corpus relief filed by Petitioner be denied, as Petitioner failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1), and that Petitioner's petition be dismissed with prejudice.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **24th** day of **October 2006.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this **24th** day of **October 2006.**

                           **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**